[Civ. No. 5903.   Third Appellate District.—May 26, 1938.]

THE GRANGE COMPANY (a Corporation), Respondent, v. JULIA A. McCABE et al., Appellants.

Stephen P. Galvin, C. R. Perrier and Richard S. Goldman for Appellants.

Dennett & Zion for Respondent.

PULLEN, P. J.—This is a consolidated appeal by separate defendants, taken from a judgment in conversion.

On June 24, 1936, Julia A. McCabe entered into the following contract:

"Merced, Calif., June 24, 1936.

"In consideration of the price hereinafter named, Julia A. McCabe, the seller, has sold and The Grange Company, the buyer, has bought about 2400 sacks of grain, which said seller agrees to deliver, properly threshed, cleaned and sacked in new grain sacks, F.O.B. cars Simon Newman warehouse in 'Ingomar, Calif., by not later than the 30th day of December, 1936.

| No. of Sax Sold | Kind of Grain |
|---|---|
| Abt. 2500 | Bly |
| Quality | Price per cwt. |
| Equal to Sample | $1.00 plus |
| | Salvage value |
| | of the bags. |

"Payment to be made when crop is delivered as above, on net weight, sacks to become property of the buyer. The

seller guarantees that he is the sole owner of said property, free from all encumbrances, except as specified None. 60% of purchase price to be paid on or before July 1st, 1936. Balance to be paid at time of shipment on destination weights. Purchase sample furnished by Buyer.

JULIA A. McCABE.

Signed by
W. W. BUNKER, Seller.
THE GRANGE COMPANY,
By JOHN W. SALTER, Buyer.''

Payment was not made nor tendered on or before July 1, 1936, and when on July 14th, the Grange Company sent to Mrs. McCabe a check for $2,250 as part payment, the check was promptly returned with a letter stating that inasmuch as the Grange Company had failed to live up to the contract the sale was canceled. Some days thereafter Mrs. McCabe sold the grain to Wangenheim, as agent for Simon Newman Company. The Grange Company then brought this action in conversion.

The court held that the transaction evidenced by the foregoing instrument was a sale and that title to the grain passed to plaintiff as of June 24, 1936; found that plaintiff had been damaged, and gave judgment for such loss by computing the difference between the agreed price and the highest market price for a similar commodity between that date of sale and December 30, 1936, the last day of delivery under the agreement.

The objection of Bunker and McCabe to this judgment was that the court failed to apply the correct measure of damage applicable to a case of conversion; and Simon Newman Company, a corporation, and E. S. Wangenheim in addition to attacking the measure of damage applied by the court, also contended that plaintiff failed to establish title or right of possession to the grain; that neither Simon Newman Company, a corporation, nor Wangenheim were parties to the conversion, if any, and that Wangenheim, acting only in a representative capacity could not be held personally liable.

In regard to the question of the passing of title it is held in *Blackwood* v. *Cutting Packing Co.*, 76 Cal. 212 [18 Pac. 248, 9 Am. St. Rep. 199], that whether or not title had passed under the terms of an agreement was one of intention of the parties, which intention was to be gathered from the language of the parties considered in the light of all the circumstances. Here

the language of the agreement seemed to indicate the parties themselves considered the transaction as a sale. All of the grain in question had been grown on the McCabe ranch and stored in the warehouse of Reed & Hesse, and the Grange Company had acquired the grain of Reed & Hesse as well as the McCabe grain, and the only thing to be done by Mrs. McCabe under her agreement was to furnish to the buyer the weights and number of sacks of grain to be delivered in order to collect the selling price. The evidence is sufficient to establish that these parties intended to effect a present sale, and the court so found. (*Lassing* v. *James,* 107 Cal. 348 [40 Pac. 534]; *Hamilton* v. *Klinke,* 42 Cal. App. 426 [183 Pac. 675].)

As to the attempted rescission the duty rested upon defendant McCabe to deliver the grain at the specified place and to notify plaintiff of the net weight before she could demand payment. Also before the seller could rescind she must have by notice or some overt act indicated her intention to so rescind. (Sec. 1781, Civ. Code.) This was not done.

The next question to be determined is whether or not the court applied the proper measure of damage upon the conversion. Section 3336 of the Civil Code provides that the detriment caused by the wrongful conversion of personal property is presumed to be the value of the property at the time of the conversion. From the evidence it would appear that on July 14, 1936, Bunker, the agent for Mrs. McCabe, telephoned the Grange Company that he considered the contract canceled and rescinded for the reason that the Grange Company had failed to tender 60 per cent of the purchase price of the grain on or before July 1st.

On July 14th, after the conversion with Bunker, the Grange Company mailed to Mrs. McCabe its check for $2,250 as first payment under the contract, but this was returned by Mrs. McCabe on July 18th, in a letter to the Grange Company reciting that the check was returned for the reason that the company had failed to live up to its contract, and that the sale was canceled. It would therefore appear that no later than July 18th, plaintiff had knowledge of the attempted rescission of the sale and conversion by defendants McCabe and Bunker.

Examining the testimony we find that the only evidence introduced by the Grange Company pertaining to values referred not to July but to August, it being the theory of plain-

tiff that the conversion occurred some time in August, when an action was brought in Merced County to replevin the grain. It was then, so plaintiff claims, it first had definite knowledge that it was not to get possession of the grain. No testimony is found in the record as to any value of grain during the month of July, although it does appear the trial judge stated to plaintiff that in his opinion evidence of value of that date should be established.

Inasmuch as section 3336 of the Civil Code requires that the value of the property be fixed as of the time of the conversion, we believe that the court erred in admitting evidence as of August rather than July 18th.

As the record now stands there is no evidence from which the court could determine the damage sustained by plaintiff.

The answer of defendants Simon Newman Company and Wangenheim admits prior knowledge of the sale of the grain to the Grange Company. Section 1745 of the Civil Code provides that a purchaser from a seller in possession obtains good title provided he has received and paid value for the goods without notice of a prior sale. Also section 1763 of the Civil Code, subdivision 3, provides that where goods are in the possession of a person other than the seller, the title of the buyer is good as against third persons having notice of the sale. Here the grain was in the warehouse of Reed & Hesse, and not in the possession of McCabe, the seller.

Having determined the transaction between the Grange Company and McCabe constituted a sale, and both defendant Simon Newman Company and defendant Wangenheim having notice of the prior sale, are liable, whether acting as principal or agent.

In view of the foregoing, the judgment is reversed, and the cause is remanded to the trial court to fix and determine the amount of damage sustained by plaintiff as provided in section 3336 of the Civil Code.

Thompson, J., and Plummer, J., concurred.